

Signed 8-29-11

*[Judge's signature]*
Judge Presiding

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Chapter 13** |
| **ANTHONY SHAWN ROTEN,** | § | |
| | § | **Case No. 07-45617 (DML)** |
| Debtor. | § | |
| | § | |

### Findings of Fact and Conclusions of Law

On August 18, 2011, came on to be heard the *Objection to Proof of Claim* (the "Debtor Objection") filed by Anthony Shawn Roten ("Debtor") at docket no. 60 in the above-captioned bankruptcy case (the "Case"), and the *Trustee's Objection to Proof of Claim Filed on Behalf of Capital One Auto Finance* (the "Trustee Objection," and with the Debtor Objection, the "Objections") filed by chapter 13 trustee Tim Truman (the "Trustee") at docket no. 62 in the Case. By the Objections, Debtor and the Trustee object to a proof of claim filed on April 22, 2011 (the "Amended POC") by Capital One Auto Finance ("Creditor"). The court exercises its core jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(B). The following

Page 1

are the court's findings of fact and conclusions of law. To the extent a finding of fact in whole or in part constitutes a conclusion of law it should be considered as such, and vice versa.

A.  Findings of Fact

1. On January 14, 2008, Creditor filed a proof of claim (the "Original POC") in the Case evidencing a claim in the amount of $18,659.47 that was fully secured by a 2004 Dodge truck (the "Collateral").

2. On April 23, 2008, the court entered an order confirming Debtor's chapter 13 plan (the "Plan"). The Plan as confirmed reflected the scheduled amount of Creditor's secured claim as $17,621.00 (the "Scheduled Amount"), and valued the Collateral at $17,931.41. The Plan as confirmed further provided that the Scheduled Amount was to be paid over 60 months with an interest rate of 8.50%. As stated in the order confirming the Plan, the amount of the unsecured creditors' pool was $0.00.

3. On May 8, 2009, Debtor filed a proposed modification of the Plan (the "Modification"). Though the Plan listed the Scheduled Amount as $17,621.00, the Modification listed the amount of Creditor's secured claim as $17,931.41 – the same amount as the value of the Collateral as provided in both the Plan and the Modification. Under "Treatment," the Modification listed four claims as "Pay Direct," but with respect to Creditor's secured claim, the Modification provided for "Surrender."

4. The court approved the Modification without objection on June 18, 2009, in an order providing that, upon surrender of any secured collateral pursuant to the Modification, the automatic stay would be terminated to permit the surrendered collateral to be sold by non-judicial foreclosure sale. The order approving the Modification further provided that the unsecured creditors' pool would be increased to $2,012.97 to provide allowed unsecured claims to be paid

in full. The order approving the Modification did not determine the amount of Creditor's secured claim or the value of the Collateral to be other than as provided for in the Modification – $17,931.41.

5. On April 22, 2011, Creditor filed the Amended POC, by which Creditor seeks to amend the Original POC to provide for an unsecured deficiency claim in the amount of $11,659.14.

6. Debtor and the Trustee filed the Objections shortly thereafter. In the Debtor Objection, (Doc. 60), Debtor points out that, under the Plan, Creditor was fully secured. Debtor therefore argues that Creditor's secured claim should be disallowed since, as a fully secured claimant, Creditor is not entitled to any deficiency. In the Trustee Objection, (Doc. 64), the Trustee argues that the order confirming the Plan is a final judgment, and the Amended POC is therefore barred by res judicata contending that since the plan as modified has just changed the treatment of Capital One Auto Finance from "secured paid from the plan" to "unsecured paid through the plan".

7. In its response to the Debtor Objection and Trustee Objection, the Creditor argues that, as the Plan was modified post-confirmation, the order confirming the Plan is not a final judgment, and therefore is not entitled to preclusive effect. Creditor further argues that, because the Modification did not state that the Collateral would be surrendered "in full satisfaction" of Creditor's claim, Creditor has an unsecured deficiency claim and the court should allow Creditor to amend the Original POC accordingly.

B. <u>Conclusions of Law</u>

1. A plan is binding upon all parties once it is confirmed and any issue pertaining to such plan that could have been raised at confirmation is res judicata. *See Rep. Supply Co. v. Shoaf*, 815 F.2d 1046, 1051 (5th Cir. 1987). For a matter to be res judicata, the parties must be identical in both suits, the prior judgment must have been rendered by a court of competent jurisdiction, there must have been a final judgment on the merits, and the same cause of action must be involved in both cases. *See id.*

2. All four res judicata elements are met here. The order confirming the Modification was entered by this court, which has jurisdiction over the Case, on June 18, 2009. Both Debtor and Creditor were parties to the Modification. The order confirming the Modification was not appealed, and is a final judgment on the merits. Finally, the Modification valued the Collateral at $17,931.41 and determined Creditor's secured claim to be in the same amount. Upon entry, the order confirming the Modification approved the Modification subject to certain conditions set forth in the order, none of which altered the value of the Collateral or the amount of Creditor's secured claim as set forth in the Modification.[1]

3. The value of the Collateral and the amount of Creditor's secured claim are therefore res judicata. Because the order confirming the Modification fixed both the value of the Collateral and the amount of Creditor's secured claim at $17,931.41, Creditor is fully secured and has no deficiency claim. Having failed to appeal the order confirming the Modification, Creditor may not now collaterally attack that order. The Amended POC must therefore be disallowed.

4. It is appropriate to note here that the court's approval of the Modification may not have been proper. Code § 1329(a) provides several means by which a plan may be modified

post-confirmation but before all payments contemplated by the plan have been made – e.g., a party may request that a plan be modified to "increase or reduce the amount of payments on claims of a particular class provided for by the plan[.]" Code § 1329(a)(1). Section 1329(a) does not by its provisions allow a plan to be modified such that a debtor who had previously been making payments to a creditor in satisfaction of a secured claim may then elect to surrender the collateral to the creditor instead. *See In re Cameron*, 274 B.R. 457, 460-61 (Bankr. N.D. Tex. 2002). Despite the arguable impropriety of the order approving the Modification, however, the court need not revisit it, as the issue of propriety is now res judicata. *See Shoaf*, 815 F.2d at 1050 (questions of propriety respecting bankruptcy court confirmation order may be addressed on direct appeal, but not later).

5. Even assuming allowance of the Amended POC is not barred by res judicata, Creditor's request would likely be denied in any case because amendment of a claim after the bar date requires exercise of a court's equitable jurisdiction. *See In re Dortch*, No. 07-45041, 2009 WL 6764538, at *2 (Bankr. N.D. Tex. 2009); *In re Macmillan*, 186 B.R. 35, 49 (Bankr. S.D.N.Y. 1995). In *Dortch*, this court noted that five factors must be weighed in considering whether to exercise its equitable jurisdiction to allow an amended claim: (1) prejudice to the opposing party; (2) delay by the creditor; (3) the extent to which other creditors will receive a windfall if amendment is not permitted; (4) prejudice to other creditors; and (5) the reason given for amending after the bar date. *See Dortch*, 2009 WL 6764538, at *2. Though the court need not determine whether Creditor's request fails to satisfy the standard enunciated in *Dortch* and similar cases, at least two elements of that test weigh heavily against Creditor – delay by the creditor and prejudice to other creditors. Creditor waited close to two years following entry of

---

[1] A bankruptcy court may value collateral, and is not required to let the foreclosure sale market determine it.

the order approving the Modification before filing the Amended POC. Equally noteworthy is the prejudice to other unsecured creditors that would no doubt result were the court to add to the total amount of general unsecured claims in the Case by allowing a claim in the amount of $11,659.14, given that the Modification increased the amount of the unsecured creditors' pool from $0.00 as provided for in the Plan to $2,012.97 to allow unsecured creditors to be paid in full.

Based on the foregoing, the court concludes that the Trustee Objection should be GRANTED and the Amended POC must be DISALLOWED. The Debtor Objection is further DENIED as moot.

    IT IS SO ORDERED.

    # # # # END OF FINDINGS OF FACT AND CONCLUSIONS OF LAW # # # #

---

*See In re Sandy Ridge Dev Corp*, 881 F 2d 1346, 1354 (5th Cir. 1989).